In re Samuel R. PIERCE, Jr.
(Kisner Fee Application).

Division No. 89–5.

United States Court of Appeals,
District of Columbia Circuit.

June 22, 1999.

Cudahy, Senior Circuit Judge, concurred in the judgment and filed opinion.

Before: SENTELLE, Presiding, FAY and CUDAHY, Senior Circuit Judges.

Opinion for the Special Court filed PER CURIAM.

Concurring opinion filed by Senior Circuit Judge CUDAHY.

# ORDER

PER CURIAM:

This matter coming to be heard and being heard before the Special Division of the Court upon the petition of Gerald D. Kisner for reimbursement of attorneys' fees and costs pursuant to Section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (1994), and it appearing to the court for the reasons set forth more fully in the opinion filed contemporaneously herewith that the petition is not well taken, it is hereby

**ORDERED, ADJUDGED,** and **DE-CREED** that the petition of Gerald D. Kisner for attorneys' fees he incurred during the investigation by Independent Counsels Arlin M. Adams and Larry D. Thompson be denied.

## ON APPLICATION FOR ATTORNEYS' FEES

Gerald D. Kisner petitions this court under Section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (1994) (the "Act"), for reimbursement of attorneys' fees in the amount of $2,759.39 that he incurred during and as a result of the investigation conducted by Independent Counsels ("IC") Arlin M. Adams and Larry D. Thompson. Because we conclude that Kisner has not carried his burden of showing that the fees would not have been incurred but for the requirements of the Act, we deny the petition in its entirety.

### Background[1]

In 1978 Congress established the moderate rehabilitation ("mod rehab") program within the U.S. Department of Housing and Urban Development ("HUD"). This program encouraged developers to upgrade moderately substandard housing units for occupation by low income families. In 1988 HUD's Inspector General conducted an audit of the mod rehab program as administered from 1984 through 1988 and found that the program was not being administered efficiently, effectively, or economically. The Inspector General's audit report triggered congressional investigations into abuses, favoritism, and mismanagement at HUD during the 1980's under the tenure of HUD Secretary Samuel R. Pierce, Jr. Gerald D. Kisner, the fee petitioner here, was Deputy General Counsel of HUD during a portion of the time that Pierce was Secretary. In May of 1990 Kisner was called to testify before the Employment and Housing Subcommittee of the Committee on Government Operations of the United States House of Representatives (the "Lantos Committee") about his activities as Deputy General Counsel.

Based on information elicited during the congressional investigations, the House Judiciary Committee wrote to Attorney General Richard Thornburgh seeking the appointment of an independent counsel to investigate the matter. Following a preliminary investigation, Attorney General Thornburgh applied to this court for appointment of an independent counsel. On March 1, 1990, we appointed former United States Circuit Judge Arlin Adams[2] as independent counsel "to investigate ... whether Samuel R. Pierce, Jr., and other [HUD] officials may have committed the crime of conspiracy to defraud the United States or any other Federal crimes ... relating to the administration of the selection process of the Department's Moderate Rehabilitation Program from 1984 through

---

1. We have had recent occasion to review the facts of this matter in *In re: Samuel R. Pierce, Jr. (Olivas Fee Application),* 178 F.3d 1350 (D.C.Cir., Spec. Div., 1999) (per curiam). Rather than replow recently tilled ground, we have adopted much of the language in the background portion of this opinion, and, where applicable, a portion of the analysis from that decision.

2. Independent Counsel Adams resigned in May of 1995. This court appointed his deputy, Mr. Larry D. Thompson of the Atlanta bar, to succeed him.

1988." Order Appointing Independent Counsel, March 1, 1990.

The IC conducted a comprehensive investigation ultimately confirming a widespread pattern of corruption at HUD during Pierce's tenure. Although the IC announced on January 11, 1995, that he would not seek indictment of Pierce, during the course of the investigation seventeen (17) other persons were charged with and convicted of federal crimes as a result of the IC's investigation. That investigation and the indictments ranged well beyond the core facts of the original application for appointment of independent counsel. Of particular reference to the petitioner before us, in November of 1993 the IC apparently called Kisner before the grand jury to ask again about his activities as Deputy General Counsel. Kisner Application at 2.

Subsequently, in March of 1994, Kisner received a letter from the IC's office which stated, in pertinent part, "that you were not truthful about several matters on which you testified in the grand jury and in front of the Lantos Committee." March 3, 1994 Letter from Roscoe C. Howard, Jr., Esq., Associate Independent Counsel. Upon receipt of the letter Kisner retained legal counsel. Although he states that he was informed by the IC's office that he would be indicted, *see* Kisner Application at 3, no charges were ever filed against him.

The IC's investigation is now complete. Pursuant to the statute, the IC submitted a final report to this court on March 30, 1998. *See* 28 U.S.C. § 594(h)(1)(B). We ordered the report made public by order of October 27, 1998. Thereafter, Kisner, pursuant to Section 593(f)(1) of the Act, petitioned this court for reimbursement of his attorneys' fees. As directed by Section 593(f)(2) of the Act, we forwarded copies of Kisner's fee petition to the Attorney General and the IC and requested written evaluations of the petition. The court expresses its appreciation to the IC and the Attorney General for submitting these evaluations, which we have given due consideration in arriving at the decision announced herein.

## Analysis

Unique in the criminal law structure of the United States, the Ethics in Government Act provides for reimbursement of attorneys' fees expended by subjects in defense against an investigation under the Act. Specifically, 28 U.S.C. § 593(f)(1) states:

> Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter.

Because the Act "constitutes a waiver of sovereign immunity it is to be strictly construed." *In re Nofziger,* 925 F.2d 428, 438 (D.C.Cir., Spec. Div., 1991) (per curiam). Therefore, the Act provides only reimbursement for attorneys' fees that survive an elemental analysis determining whether the petitioner is the "subject" of the independent counsel's investigation, incurred the fees "during" that investigation, and would not have incurred them "but for" the requirements of the Act. The petitioner "bears the burden of establishing all elements of his entitlement." *In re North (Reagan Fee Application),* 94 F.3d 685, 690 (D.C.Cir., Spec. Div., 1996) (per curiam). We conclude that Kisner has met the "subject" and "during" requirements. However, we agree with the evaluations of the Independent Counsel and the Attorney General that Kisner has not carried his burden of establishing that he would not have incurred the fees "but for" the requirements of the Ethics in Government Act.

■ As we have held, "[a]ll requests for attorneys' fees under the Act must satisfy the 'but for' requirement of" the Act. *In re Sealed Case*, 890 F.2d 451, 452 (D.C.Cir., Spec. Div., 1989) (per curiam). The purpose of awarding only fees that would not have been incurred "but for" the Act is to ensure that "officials [and here derivative 'subjects'] who are investigated by independent counsels will be subject only to paying those attorneys' fees that would normally be paid by private citizens being investigated for the same offense by" federal executive officials such as the United States Attorney. *Id.* at 452–53 (citing S.Rep. No. 97–496, 97th Cong., 2d Sess. 18 (1982), *reprinted in* 1982 U.S.C.C.A.N. 3537, 3554 (referring to "fees [that] would not have been incurred in the absence of the special prosecutor [independent counsel] law")).

As we have stated "the most difficult element for a fee applicant to establish under the act is that the fees 'would not have been incurred but for the requirements of [the Act].'" *In re North (Bush Fee Application)*, 59 F.3d 184, 188 (D.C.Cir., Spec. Div., 1995) (quoting *In re North (Dutton Fee Application)*, 11 F.3d 1075, 1079 (D.C.Cir., Spec. Div., 1993) (per curiam)). In part this is so because the element requires a petitioner to prove a negative and one with a high component of speculation. In part, though, it is difficult because the law contemplates that it should be difficult, that such fees will not be a common thing. As we stated above, the contemplation of the legislation is not that subjects of independent counsel investigations will be reimbursed for all legal fees, but only that they will be reimbursed for those legal fees that would not have been incurred by a similarly-situated subject investigated in the absence of the Act.

Nonetheless, we have found that petitioners qualify for an award of fees in the face of the but-for test in at least four (4) circumstances:

1. When the independent counsel's investigation substantially constituted duplication of the preliminary investigation conducted by the Department of Justice. *In re Olson*, 884 F.2d 1415, 1420 (D.C.Cir., Spec. Div., 1989) (per curiam); *In re North (Dutton Fee Application)* 11 F.3d at 1080.

2. When the petitioning subject has been "prejudiced by the Department of Justice's failure to comply with the substantial protective features of the Act." *In re Nofziger*, 925 F.2d at 438 (citing *In re Meese*, 907 F.2d 1192 (D.C.Cir., Spec. Div., 1990) (per curiam)).

3. When in the absence of the requirements of the Act "'the case could have been disposed of at an early stage of the investigation,'" without subjecting the petitioning subject to the conditions that led to his incurring the fees sought. *In re Segal (Sagawa Fee Application)*, 151 F.3d 1085, 1089 (D.C.Cir., Spec. Div., 1998) (per curiam) (quoting *In re Nofziger*, 925 F.2d at 438).

4. Not wholly distinct from No. 3, *supra*, when "high public officials [or derivative subjects] were investigated under the Act in circumstances where private citizens would not [have been] investigated." *In re Nofziger*, 925 F.2d at 442; *In re North (Dutton Fee Application)*, 11 F.3d at 1080.

Kisner fits none of the four categories. Granted, these categories are not exhaustive, and probably could not be, given the "fact-specific nature of each independent counsel's undertakings." *In re North (Dutton Fee Application)*, 11 F.3d at 1080. Nonetheless, if Kisner is to establish his entitlement under the Act he must establish some sort of "unique special factual features that but for the requirement of the Act would have permitted a quick termination" of the investigation or otherwise not have subjected him to the fees for which he petitions. *In re Nofziger*, 925 F.2d at 439.

There can be no serious argument that Kisner's claim fits in either of the first two categories previously identified by the

court. As to the first, the Independent Counsel's investigation ranged far beyond the preliminary investigation not only in depth but breadth. The matters investigated as to Kisner are far beyond anything in the preliminary investigation. He cannot fit category one. As to category two there is neither allegation nor evidence of the Department's failure to comply with substantial protective features and thereby pretermit the investigation that cost Kisner his counsel fees. He cannot fit this category either. Therefore, in order to establish eligibility for counsel fees under the "but for" test, Kisner must either put his facts within category three or four or otherwise establish the necessary unique special features. This he has not done.

Kisner argues that he satisfies the "but for" requirement because "if the statute had not authorized the appointment of the Independent Counsel, then the grand jury before whom Rev. Kisner testified would not be in existence." Kisner Response at 3. We have repeatedly held, however, that subjects of an independent counsel investigation do not automatically meet the "but for" test simply because the investigation was conducted by an independent counsel under the Act. As we stated in *Olivas*, "If the investigative act generating the defensive costs would, in the absence of the Act, have been pursued by other authorities— 'had the case been handled by the Department of Justice or other executive authorities rather than the Independent Counsel,'—then Congress did not contemplate the award of counsel fees." *In re Pierce, (Olivas Fee Application)*, slip op. at 7 (quoting *In re North (Dutton Fee Application)*, 11 F.3d at 1080). We have found this requirement to be met where, as in *Dutton*, among other cases, the independent counsel has treated as criminal acts that would not have been investigated by a political or professional attorney in the Department of Justice. Similarly, in *In re Segal (Sagawa Fee Application)*, 151 F.3d 1085 (D.C.Cir., Spec. Div., 1998) (per curiam), we awarded fees where the investigation would have been terminated by a

political or professional Department of Justice attorney without the incurrence of the fees sought. Here, in contrast, it is the case that if the grand jury that Kisner testified before had not been in existence then some other would have been employed to investigate the HUD matter, i.e., the Attorney General or other investigative authority would have pursued allegations of corruption as deep and widespread as those occasioning the Independent Counsel's investigation.

In a similar vein, Kisner makes the argument that the Act "prohibits the Attorney General from actually calling a grand jury to make his or her preliminary determination of whether an investigation is warranted.... Thus, the Attorney General could not have investigated whether or not Rev. Kisner had committed perjury before the Lantos Committee, and the DOJ was not empowered to call Rev. Kisner before a grand jury." Kisner Response at 3. But as we noted above, if the Independent Counsel had not called a grand jury to investigate the HUD matter, then the Attorney General or some other government entity would likely have done so. Consequently, if Kisner's argument has any force at all it would seem to work against him, i.e., but for the Act the grand jury would have been in use sooner and his attorneys' fees would have been incurred at an earlier date.

Relying on *In re Donovan*, 877 F.2d 982 (D.C.Cir., Spec. Div., 1989) (per curiam), Kisner further claims that the extent of the IC's investigation "added to the complexity of the investigation ... and exceeded anything the DOJ would have undertaken merely to review his actions." Kisner Response at 4. In *Donovan* we held that the "but for" requirement was satisfied where the alleged wrongdoing was based upon a single allegation by a single witness of extremely questionable credibility, and the Attorney General, because of the strictures of the Act, could not convene a grand jury, plea bargain, or

issue subpoenas, and therefore could not evaluate the credibility of the witness, and consequently was required to refer the matter to an independent counsel. *In re Donovan*, 877 F.2d at 990. In that case if the charges had been made against an ordinary citizen then the Attorney General could have disposed of the case much sooner and at much less cost. Here, as we have noted, the allegations concerning fraud at HUD would in all probability have been extensively investigated by the Executive Branch in the absence of the independent counsel statute.

The most that Kisner can argue under this theory is that the complexity of the investigation lengthened his need for representation and increased the attorneys' fees involved. The difficulty for Kisner is that the complexity and length of the investigation was not caused by the requirements of the Independent Counsel Act. The convoluted nature of the corruption involved and the high profile identity of the suspects and defendants would no doubt have resulted in a complex and lengthy investigation with or without the appointment of an independent counsel. Kisner's difficulties were occasioned by his being suspected of having done mischief in high company, not by the identity of the authority investigating the allegations of mischief.

■ Further, as we pointed out in *Nofziger*, Congress when it was first considering reimbursement of attorneys' fees in 1982 was aware that the inherently different nature of the independent counsel process could result in added legal expenses to subjects of independent counsel investigations, but "[n]evertheless ... refused to authorize reimbursement for such alleged 'inherent' costs of subjects." *In re Nofziger*, 925 F.2d at 445. If Congress had wanted to so provide, it could have authorized reimbursement for those fees incurred for no other reason than the triggering of the Act itself. Instead, Congress provided only for reimbursement of those attorneys' fees that "would not have been incurred but for the *requirements* of [the Act]." *Id.* And *requirements* "refers to the special limitations and procedures established by the Act," *e.g.,* the two-step investigatory procedure by the Attorney General and the restrictions on the Attorney General in complying with that procedure, *id.,* which we discern as having no bearing on Kisner's situation here. Investigation and potential prosecution of Kisner by the IC for perjury "does not satisfy the 'but for' requirement since it is a type of prosecution that is not uniquely related to the Act." *In re North (Corr Fee Application)*, 56 F.3d 261, 264 (D.C.Cir., Spec. Div., 1995) (per curiam).

Finally, Kisner attempts to bring his situation within the precedential sphere of *In re North (Shultz Fee Application)*, 8 F.3d 847 (D.C.Cir., Spec. Div., 1993) (per curiam). In *Shultz*, we awarded counsel fees to a petitioner who had been converted from witness to subject status far along in a lengthy investigation, stating that "it is not reasonable to expect that a professional prosecutor, as opposed to an independent counsel under the Act, would have been making subjects out of persons theretofore treated as witnesses four and one-half years after the commencement of an investigation." *Id.* at 851. Kisner contends that that same reasoning should benefit him, pointing out that the investigation by the IC began on March 1, 1990, that the IC called Kisner as a witness in November of 1993, and that "[i]t was not until March, 1994, that Rev. Kisner was notified by the IC that he was, at that point, a subject of their investigation." Kisner Response at 4. These facts are not by any means governed by the *Shultz* reasoning.

We entered the opinion in *Shultz* in the context of a witness who had actually been interviewed five times at broad intervals as a regular part of the investigation, and then informed that his status was being changed to subject. Kisner, on the other hand, was simply an existing potential witness or potential subject for the first three and one half years of the investigation.

He had no status as witness. From the time of his testimony in November of 1993, until he was notified of his status as subject was a period of only four months. Kisner has shown nothing to establish that a professional prosecutor would have handled his case any differently than did the IC. Therefore, absent some showing not made by Kisner, we cannot say that the fees would pass the "but for" test.

## CONCLUSION

The petition of Gerald D. Kisner for reimbursement of attorneys' fees is denied for failure to comply with the "but for" requirement of 28 U.S.C. § 593(f)(1).

CUDAHY, Senior Circuit Judge, concurring in the judgment:

The result here is dictated by the extensive Special Division precedent establishing an extraordinarily demanding test for eligibility for attorneys' fees. Whether Congress originally intended that the bar for eligibility be set this high is to me unclear. But we are not writing on a clean slate.