Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

Filed September 9, 2003

Division No. 94-2

IN RE: ALPHONSO MICHAEL "MIKE" ESPY
(HAAS FEE APPLICATION)

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

Before: SENTELLE, *Presiding*, FAY and REAVLEY, *Senior Circuit Judges.*

## O R D E R

This matter coming to be heard and being heard before the Special Division of the Court upon the application of Ellen W. Haas for reimbursement of attorneys' fees and costs pursuant to section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (2000), and it appearing to the court for the reasons set forth more fully in the opinion filed contemporaneously herewith, that the petition is in part well taken, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the United States reimburse Ellen W. Haas for attorneys' fees and expenses that she incurred during the investigation by Inde-

pendent Counsel Donald C. Smaltz in the amount of $15,386.44.

*Per Curiam*

For the Court:

Mark J. Langer, Clerk

By:

Marilyn R. Sargent

Chief Deputy Clerk

Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed September , 2003

———

Division No. 94-2

In Re: Alphonso Michael "Mike" Espy
(Haas Fee Application)

———

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

———

Before: Sentelle, *Presiding*, Fay and Reavley, *Senior Circuit Judges*.

———

## ON APPLICATION FOR ATTORNEYS' FEES

*Per curiam*: Ellen W. Haas petitions this Court under section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. §§ 591–599 (2000) (the Act), for reimbursement of attorneys' fees in the amount of $31,099.66 that she incurred during and as a result of the investigation conducted by Independent Counsel Donald C. Smaltz (hereinafter IC or OIC). Because we find that Haas has established her entitlement under the statutory criteria for reimbursement of a portion of the fees we will, for the reasons set forth more fully below, allow recovery of $15,386.44.

## BACKGROUND

Donald C. Smaltz was appointed independent counsel in September 1994 to investigate allegations of improper gratuities received by Secretary of Agriculture Mike Espy from Tyson Foods, Inc., and other organizations and individuals having business before the U.S. Department of Agriculture (USDA). The investigation lasted several years and pursued, *inter alia*, allegations of illegal gifts and gratuities to USDA officials, the concealment of gratuities from federal investigators, and election law violations. Ultimately, the IC's investigation resulted in the indictment of 19 individuals and business entities, 13 of whom were convicted of criminal misconduct. One of those individuals was Richard Douglas, an executive and lobbyist for Sun–Diamond Growers of California. The IC obtained a conviction of Douglas for giving Espy gratuities, which was later overturned on venue grounds. Espy was indicted on 39 counts for, *inter alia*, accepting gifts in violation of his obligations as a public official, but was acquitted on all counts.

Ellen W. Haas, the fee petitioner here, was the Under Secretary of Agriculture for Food, Nutrition, and Consumer Services under Secretary Espy. While investigating Espy on allegations of receiving improper gratuities from persons subject to regulation by the USDA, the IC looked into the relationship between Haas, Douglas, and Douglas's girlfriend Patricia Kearney. Apparently, Haas's office issued Kearney a sole source consulting contract for approximately $25,000. At about the same time Haas had social dinners on two occasions with Kearney and Douglas for which Haas made only a nominal contribution towards the bill. The IC subsequently began investigating Haas for possible gratuities offenses, calling her before the grand jury. The IC became concerned that Haas's statements before the grand jury concerning her contract with Kearney's office and her possible receipt of gratuities were less than fully candid. Haas was then informed that she was a subject of the IC's investigation. Nevertheless, she was never indicted.

Pursuant to section 593(f)(1) of the Act, Haas has now petitioned this court for reimbursement of the attorneys' fees in the amount of $31,099.66 that she incurred during the IC's investigation. As directed by section 593(f)(2) of the Act, we forwarded copies of Haas's fee petition to the Attorney General and the IC and requested written evaluations of the petition. The court expresses its appreciation to the IC and the Attorney General for submitting these evaluations, which we have given due consideration in arriving at the decision announced herein.

## DISCUSSION

The Independent Counsel statute provides:

> Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter.

28 U.S.C. § 593(f)(1). Accordingly, in order to obtain an attorneys' fees award under the statute, a petitioner must show that all of the following requirements are met: 1) the petitioner is a "subject" of the investigation; 2) the fees were incurred "during" the investigation; 3) the fees would not have been incurred "but for" the requirements of the Act; and 4) the fees are "reasonable." *See In re North (Dutton Fee Application)*, 11 F.3d 1075, 1077–82 (D.C. Cir., Spec. Div., 1993) (per curiam). The petitioner "bears the burden of establishing all elements of [her] entitlement." *In re North (Reagan Fee Application)*, 94 F.3d 685, 690 (D.C. Cir., Spec. Div., 1996) (per curiam). There appears to be no disagreement that Haas was a "subject" of the IC's investigation and that her fees were incurred "during" the investigation. We will therefore limit our discussion to the "but for" and "reasonable" requirements.

4

\* \* \* \* \* \* \* \* \* \*

### 1. *"But for"*

Haas claims that she would not have incurred attorneys' fees "but for" the Act because the Independent Counsel's investigation subjected her to a more rigorous application of the criminal law than is applied to other citizens. *See In re Meese*, 907 F.2d 1192, 1201 (D.C. Cir., Spec. Div., 1990) (per curiam); *In re Sealed Case*, 890 F.2d 451, 454 (D.C. Cir., Spec. Div., 1989) (per curiam). In support of this proposition Haas notes that she incurred the fees in question because the IC was "unrestrained by the considerations of finite resources and competing law enforcement priorities," and that "[i]t is inconceivable that a U.S. Attorney's office with limited time and resources would have investigated whether [she] feloniously under-reimbursed Douglas."

In his evaluation, the IC disputes Haas's contention that he pursued her more aggressively than other prosecutors would have done, pointing out that Haas was investigated not only for her possible receipt of illegal gratuities but also because it appeared that she had not been fully truthful in her grand jury testimony concerning the matter. Citing *In re Pierce (Kisner Fee Application)*, 178 F.3d 1356, 1361 (D.C. Cir., Spec. Div., 1999) (per curiam), and *In re North (Corr Fee Application)*, 56 F.3d 261, 264 (D.C. Cir., Spec. Div., 1995) (per curiam), the IC states that "investigations premised on perjury or obstruction of an independent counsel's investigation are ones that do not meet the 'but for' test. This is so because perjury and obstruction are crimes 'not uniquely related to the Act.'" Thus, argues the IC, an investigation of Haas for perjury would have occurred no matter to whom she had provided the testimony.

The IC further notes that Haas was investigated not only because of her own conduct but also "because she was a subordinate to Espy, the principal target of the investigation, and a conduit between the Department of Agriculture and the girlfriend of another target of the investigation, Douglas." As a result, the IC argues, Haas would have certainly been a witness to the events under investigation, and she "therefore

cannot establish that the fees she incurred for advice concerning her involvement in the investigation would not have been incurred but for the appointment of the Independent Counsel."

We agree with Haas that it is unlikely that a regular prosecutor, with the constraints of other cases and a finite budget allocation, would have spent any significant amount of time and money investigating the relatively small gratuities, i.e., dinners, that Haas allegedly accepted. Nevertheless, we also agree with the IC that it is probable that Haas would have at least been called as a witness in this matter and that her questionable grand jury testimony may indeed have caught a regular prosecutor's attention. Consequently, we will make a deduction of fifty percent (50%) of the fees requested after making the additional deductions listed below. *See In re Pierce (Abrams Fee Application)*, 190 F.3d 586, 593 (D.C. Cir., Spec. Div., 1999) (per curiam) (reduction of 25% made to attorneys' fees request "to reflect the indisputable fact that some portion of the fees would have been incurred with or without the passage of the Act").

### 2. *"Reasonable"*

Before determining the precise amount of attorneys' fees to be reimbursed we must decide whether the fees and expenses billed by Haas's attorneys for her representation were reasonable. *In re Meese*, 907 F.2d 1192, 1201 (D.C. Cir., Spec. Div., 1990) (per curiam). The IC draws our attention to several billing entries that he argues are not reimbursable under our jurisprudence: a total of $135.30 for word processing for December 1996, January 1997, March/April 1998, and May 1998; and $102 for a meeting concerning a congressional subcommittee hearing on January 28, 1997. We have indeed previously found that "word processing . . . is an overhead cost not separately reimbursable under the Act." *In re Mullins (Tamposi Fee Application)*, 84 F.3d 1439, 1443 (D.C. Cir., Spec. Div., 1996) (per curiam). Likewise we have found that under the Act "fees incurred in connection with congressional matters are not reimbursable." *In re North (Haskell Fee Application)*, 74 F.3d 277, 282 (D.C. Cir., Spec. Div.,

1996) (per curiam). Consequently, we will make the deductions sought by the IC.

We will also make deductions for the January 1997 and February/March 1997 entries for "local transportation." Because we cannot assess the reasonableness of these entries as they are not otherwise explained, they are not reimbursable. *In re North (Shultz Fee Application)*, 8 F.3d 847, 852–53 (D.C. Cir., Spec. Div., 1993) (per curiam). Therefore a total deduction of $89.48 will be made for these entries.

## CONCLUSION

Haas seeks reimbursement for attorneys' fees in the amount of $31,099.66. In accordance with the analysis set forth above, we will make the following deductions from this amount:

1. $135.30 for word processing.

2. $102 for congressional matters.

3. $89.48 for local transportation.

4. 50% deduction reflecting the court's estimate of fees that would have been incurred without the passage of the Act.

For the reason set forth above, it is ordered that Haas be awarded $15,386.44 in reasonable attorneys' fees and expenses.