# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed January 7, 2005

Division No. 94-1

IN RE: MADISON GUARANTY SAVINGS & LOAN
(BACON FEE APPLICATION)

———

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

———

Before:   SENTELLE, *Presiding*, FAY and REAVLEY, *Senior Circuit Judges*.

## O R D E R

This matter coming to be heard and being heard before the Special Division of the Court upon the application of Kenneth H. Bacon for reimbursement of attorneys' fees and costs pursuant to section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (2000), and it appearing to the court for the reasons set forth more fully in the opinion filed contemporaneously herewith, that the petition is not well taken, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the petition of Kenneth H. Bacon for attorneys' fees that he incurred during the Independent Counsel's investigation be denied.

> *PER CURIAM*
> For the Court:
> Mark J. Langer, Clerk
> By:
> Marilyn R. Sargent
> Chief Deputy Clerk

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed January 7, 2005

Division No. 94-1

IN RE: MADISON GUARANTY SAVINGS & LOAN
(BACON FEE APPLICATION)

———

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

———

Before:  SENTELLE, *Presiding*, FAY and REAVLEY, *Senior
Circuit Judges*.

### ON APPLICATION FOR ATTORNEYS' FEES

Opinion for the Special Court filed PER CURIAM.

PER CURIAM:  Kenneth H. Bacon petitions this Court under
section 593(f) of the Ethics in Government Act of 1978, as
amended, 28 U.S.C. §§ 591-599 (2000) ("the Act"), for
reimbursement of attorneys' fees in the amount of $10,780.36
that he claims were incurred during and as a result of the
investigation conducted by Independent Counsel.  Because we
conclude that Bacon has not carried his burden of establishing
all of the elements of his entitlement, we deny the petition in its
entirety.

## Background

During the mid-1990's, President William Jefferson Clinton was involved in a sexual relationship with Monica Lewinsky, a White House intern and subsequent employee. In April of 1996, following her term at the White House, Lewinsky was hired as a confidential assistant to the Assistant Secretary of Defense for Public Affairs, Kenneth H. Bacon, who is the fee petitioner here. While working for Bacon, Lewinsky became friends with a fellow employee in Bacon's department, Linda Tripp, and confided to Tripp the details of her relationship with the President.

Subsequently, in December of 1997, Lewinsky was subpoenaed to testify in a sexual discrimination case filed against President Clinton by Paula Jones. Jones had been a state employee in Arkansas during the 1980's when Clinton was governor there, and alleged that during that time he had solicited sex from her, that she had declined, and that as a result her state employment had been illegally affected. In subpoenaing Lewinsky, Jones's attorneys were apparently seeking to discover whether there were other government employees from whom the President had solicited a sexual relationship. Clinton and Lewinsky, however, had previously agreed to deny their relationship if asked, and Lewinsky told Tripp of her intention to lie about it in her upcoming testimony. In a number of telephone conversations, Tripp recorded these intent-to-lie statements made by Lewinsky.

Ongoing at the same time was an investigation by Independent Counsel ("IC") Kenneth W. Starr into allegations of impropriety concerning certain business dealings by Clinton and others while he was governor. After recording the telephone conversations, Tripp conveyed the substance of them to IC Starr. Starr in turn presented this information to the

Attorney General ("AG") who then, pursuant to § 592(c) of the Act, applied to this court to expand the IC's jurisdiction to include investigation of the Lewinsky matter. This the court did on January 16, 1998. Soon thereafter, the media reported that the President was under investigation for possible perjury or obstruction of justice in connection with the *Jones* litigation.

Consequently, in the ensuing media frenzy, Linda Tripp became the focus of intense interest. In mid-March, 1998, a reporter for *New Yorker* magazine called Bacon, explaining that she was researching a story on Tripp and had uncovered information suggesting that Tripp had been arrested in 1969. She inquired of Bacon whether this arrest had been disclosed on Tripp's security clearance application form. Bacon asked one of his deputies, Clifford Bernath, to follow up on the reporter's inquiry. After obtaining copies of the relevant forms, Bernath, with Bacon's knowledge, called the reporter and told her that Tripp had not disclosed any arrest record. The reporter then used this information in her *New Yorker* article. Disclosure of such information was prohibited by the Privacy Act, 5 U.S.C. § 552a(b).

At the time of the release of this information, Tripp was a cooperating witness in the IC's investigation. Upon learning that information protected by the Privacy Act had been released, the IC conducted grand jury proceedings to determine if the release by Bacon and Bernath was part of an effort to intimidate Tripp in her capacity as a cooperating witness or part of an effort to obstruct justice. Ultimately the IC decided that there was insufficient evidence to bring any indictments in the matter.

Pursuant to § 593(f)(1) of the Act, Bacon now petitions the court for attorneys' fees in the amount of $10,780.36 that he incurred in his defense of the IC's investigation. As directed by § 593(f)(2) of the Act, we forwarded copies of Bacon's fee

petition to the AG and the IC and requested written evaluations of the petition. The court expresses its appreciation to the IC and the AG for submitting these evaluations, to which we have given due consideration in arriving at the decision announced herein.

## Discussion

The Independent Counsel statute provides:

> Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter.

28 U.S.C. § 593(f)(1). Accordingly, in order to obtain an attorneys' fees award under the statute, a petitioner must show that all of the following requirements are met: 1) the petitioner is a subject of the investigation; 2) the fees were incurred during the investigation; 3) the fees would not have been incurred but for the requirements of the Act; and, 4) the fees are reasonable. *See In re North (Dutton Fee Application)*, 11 F.3d 1075, 1077-82 (D.C. Cir., Spec. Div., 1993) (per curiam). The petitioner "bears the burden of establishing all elements of his entitlement." *In re North (Reagan Fee Application)*, 94 F.3d 685, 690 (D.C. Cir., Spec. Div., 1996) (per curiam).

The IC and the DOJ agree that Bacon was an unindicted subject of the IC's investigation, that the fees were incurred during the investigation, and that the fees requested are

reasonable. The only matter in contention therefore is whether Bacon has fulfilled the "but for" requirement of the Act.

Bacon appears to argue that he passes the "but for" test for three reasons. First, he asserts that regarding the IC's investigation of the Lewinsky matter, "[it] seems clear that a politically appointed Attorney General would not have investigated the President for allegedly lying in a civil deposition about his sexual relations with a nonparty witness." For authority, Bacon references this court's decisions concerning several fee petitions from the Iran/Contra investigation, in which it was held that the "but for" element was fulfilled because a politically appointed Attorney General would not have investigated an alleged criminal conspiracy to violate the Boland Amendments. *See, e.g., In re North (Regan Fee Application)*, 72 F.3d 891, 895-96 (D.C. Cir., Spec. Div., 1995); *In re North (Dutton Fee Application)*, 11 F.3d 1075, 1080-81 (D.C. Cir., Spec. Div., 1993). Bacon argues that his is a similar situation because "if the Attorney General would not have investigated the Lewinsky matter, then the attorney's fees sought by [him] . . . clearly would not have been incurred 'but for' the requirements of the Act."

Second, Bacon argues that the particular conduct concerning him that was investigated, i.e., a public affairs officer's response to a reporter's question about Tripp's answer on a security clearance form, was looked into "only because Ms. Tripp was a critical witness in an ongoing *OIC investigation*," (original emphasis), and that "[a] fortiori, [he] would not have incurred fees but for the requirements of the Act."

Finally, Bacon claims that the IC's investigation of him for a potential violation of the Privacy Act "was highly unusual" in that such violations are "comparable to a minor traffic ticket" and that "[n]o prosecutor with an ordinary docket and a sense of

proportion would have spent much time investigating this matter as a potential Privacy Act violation."

In her evaluation, the IC asserts that Bacon has failed to demonstrate that the requirements of the Act caused him to incur legal expenses that he otherwise would not have. Addressing Bacon's argument that a regular prosecutor would not have investigated the Lewinsky affair, the IC notes that this court gave IC Starr the jurisdiction to investigate the matter because "the Attorney General felt that further investigation of the serious crimes of perjury and obstruction of justice were warranted," and that these are "precisely the type of crimes federal prosecutors routinely investigate and prosecute." As for Bacon's own conduct in the matter, the IC states that such actions "would have caused any prosecutor to investigate what appeared to be an attempt to use confidential information illegally to intimidate witnesses in an ongoing criminal investigation," and that Bacon therefore fails the "but for" test because "[i]nvestigation and potential prosecution of witness intimidation is not the type of activity that is uniquely related to the Act."

The DOJ, for basically the same reasons, also argues that Bacon has not passed the "but for" test. First, the DOJ notes that the investigation of the Lewinsky matter "concerned primarily and explicitly allegations of perjury and obstruction of justice," that these allegations "were serious and credible," and that "[s]uch allegations can be, and are, investigated and prosecuted by the Department of Justice." Second, the DOJ takes issue with Bacon's Privacy Act argument, stating that, although rare, the DOJ does indeed investigate such matters, and points out that in any event the investigation was much broader than that as it concerned a possible conspiracy to obstruct justice by intimidating or smearing a government witness, Linda Tripp.

After carefully reviewing each of the three "but for" reasons put forth by Bacon, we conclude that he has not carried his burden of establishing this element.  What he apparently is arguing for his first reason is that in the absence of the Act the Attorney General would never have investigated the Lewinsky matter because the allegations surrounding it, in particular concerning the President, were not serious enough.  However, when the court considered the fee reimbursement request of Lewinsky herself, it had an opportunity to detail the seriousness of the charges involved:

> the underlying allegations were that Lewinsky lied under oath in a pending lawsuit against the President of the United States; that she was planning to lie again and had encouraged others to lie; that she had spoken to the President and an associate of the President about the matter; and, at least implicitly, that the President and his associate may themselves have been involved in the wrongdoing.

*In re Madison Guar. Sav. & Loan (Lewinsky Fee Application)*, 352 F.3d 437, 445 (D.C. Cir., Spec. Div., 2003) (per curiam).  The court then went on to ask whether "evidence of criminal wrongdoing by an incumbent President and accomplices of that President [would] have escaped an investigation of similar scope in the absence of the Ethics in Government Act," and citing to the pre-Act investigation of the Watergate matter, answered in the negative.  *Id.* at 445-46. Applying the same logic here, Bacon's claim that a "politically appointed Attorney General" would not have investigated the Lewinsky matter is groundless.

Bacon's second reason for fulfilling the "but for" requirement boils down to claiming that he was investigated by an independent counsel only because an independent counsel was appointed to investigate the Lewinsky matter.  A similar argument was put forth by one of the fee applicants caught up in

the investigation of former HUD Secretary Samuel Pierce. *In re Pierce (Kisner Fee Application)*, 178 F.3d 1356, 1360 (D.C. Cir., Spec. Div., 1999) (per curiam). There, the applicant argued that the "but for" requirement was met in his case because if the Act had not authorized the appointment of an independent counsel, then the grand jury which he was called before would never have been in existence. The court rejected this argument, noting that it "ha[d] repeatedly held . . . that subjects . . . do not automatically meet the 'but for' test simply because the investigation was conducted by an independent counsel under the Act." *Id*. Rather, the court stated, the test is whether in the absence of the Act an investigation of the matter would nevertheless have been undertaken by the appropriate authorities, e.g., the DOJ. *Id.* As there, the answer here appears to be yes.

Bacon's final claim, that no ordinary prosecutor would have bothered to investigate him for an offense as minor as a violation of the Privacy Act, skews the facts. As the DOJ in its evaluation points out, the investigation of Bacon concerned much more than just the Privacy Act. It also involved the possibility of a conspiracy to obstruct justice by intimidating a government witness, which the DOJ notes is a crime that it "of course investigates and prosecutes."

**Conclusion**

For the reasons set forth above, we hold that Bacon is not eligible for reimbursement of his attorneys' fees as he has failed to pass the "but for" test.