Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed July 30, 2004

———

Division No. 94-1

In Re: Madison Guaranty Savings & Loan
(Watkins Fee Application)

———

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

———

Before: Sentelle, *Presiding*, Fay and Reavley, *Senior Circuit Judges.*

**O R D E R**

This matter coming to be heard and being heard before the Special Division of the Court upon the application of William David Watkins for reimbursement of attorneys' fees and costs pursuant to section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (2000), and it appearing to the Court for the reasons set forth more fully in the opinion filed contemporaneously herewith, that the petition is not well taken, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the petition of William David Watkins for attorneys' fees that he

incurred during the Independent Counsel's investigation be denied, save for a single unique item.

*PER CURIAM*

For the Court:

Mark J. Langer, Clerk

By:

Marilyn R. Sargent, Chief Deputy Clerk

Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

————

Filed July 30, 2004

————

Division No. 94-1

IN RE: MADISON GUARANTY SAVINGS & LOAN
(WATKINS FEE APPLICATION)

————

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

————

Before: SENTELLE, *Presiding*, FAY and REAVLEY, *Senior Circuit Judges*.

————

## ON APPLICATION FOR ATTORNEYS' FEES

Opinion for the Special Court filed *PER CURIAM*.

*PER CURIAM*: William David Watkins petitions this Court under section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. §§ 591–599 (2000) ("the Act"), for reimbursement of attorneys' fees in the amount of $129,583.10 that he claims were incurred during and as a result of the investigation conducted by Independent Counsel. Because we conclude that Watkins has not carried his burden of showing that the fees would not have been incurred "but for" the requirements of the Act, we deny the petition, save for a single unique item.

## Background

In May of 1993, William David Watkins ("Watkins"), who was Assistant to the President for Management and Administration, fired seven employees of the White House Travel Office. Because of allegations of wrongdoing surrounding the firings, various entities, including the Congress and the General Accounting Office ("GAO"), undertook investigations of the matter. Then First Lady, Hillary Rodham Clinton ("Clinton"), was reportedly questioned during these investigations concerning her role in the firings. She asserted that she had little if any involvement in them. When questioned by the GAO, Watkins also stated that Clinton was minimally involved. These statements were put into doubt when drafts of a 1993 memo, written by Watkins and arguably contradicting his and Clinton's testimony, were produced by the White House. The GAO subsequently filed a criminal referral with the Department of Justice ("DOJ"), suggesting that Watkins may have made false statements when interviewed by the GAO. Because Watkins was a covered person under the Independent Counsel Act, *see* 28 U.S.C. § 591(b), the Attorney General ("AG") initiated a preliminary investigation pursuant to 28 U.S.C. § 592, in order to determine whether further investigation was warranted. Although the usual duration for a preliminary investigation is 90 days, the AG took considerably less time in this case[1], concluding rather quickly that further investigation was indeed warranted. Consequently, she requested that this Court expand the Independent Counsel's ("IC" or "OIC") jurisdiction to investigate, among other things, whether Watkins or Clinton had

---

[1] According to Watkins, the DOJ received the referral from the GAO on March 1, 1996, and "[l]ess than three weeks later," on March 20th, the AG petitioned the Court to expand the IC's jurisdiction. App. at 9–10. The DOJ puts forth a somewhat different time frame, stating that the GAO "submitted" its referral on February 13th, so that "over one month passed" before the AG filed her application on March 20th. In any event, it appears that the preliminary investigation took approximately one month, give or take a week.

made false statements to the GAO regarding the Travel Office firings.

The IC then conducted an extensive investigation. Ultimately, he determined that no charges would be brought against either Watkins or Clinton. Pursuant to § 593(f)(1) of the Act, Watkins now petitions the Court for reimbursement of the attorneys' fees in the amount of $129,583.10 that he claims were incurred in defense of the IC's investigation. As directed by section 593(f)(2) of the Act, we forwarded copies of Watkins' fee petition to the AG and the IC and requested written evaluations of the petition. The Court expresses its appreciation to the IC and the AG for submitting these evaluations, which we have given due consideration in arriving at the decision announced herein.

### Discussion

The Independent Counsel statute provides:

> Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter.

28 U.S.C. § 593(f)(1). Accordingly, in order to obtain an attorneys' fees award under the statute, a petitioner must show that all of the following requirements are met: (1) the petitioner is a "subject" of the investigation, (2) the fees were incurred "during" the investigation, (3) the fees would not have been incurred "but for" the requirements of the Act, and (4) the fees are "reasonable." *See In re North (Dutton Fee Application)*, 11 F.3d 1075, 1077–82 (D.C. Cir., Spec. Div., 1993) (per curiam). The petitioner "bears the burden of establishing all elements of his entitlement." *In re North (Reagan Fee Application)*, 94 F.3d 685, 690 (D.C. Cir., Spec. Div., 1996) (per curiam).

The only significant dispute among the parties is whether or not Watkins has met the "but for" requirement.

\* \* \* \* \* \* \* \*

Watkins argues that he fulfills the "but for" element under three circumstances previously recognized by this Court. The first circumstance, he states, is "when the requirements of the Act interfere with the Justice Department's capability to conduct an adequate preliminary investigation." This occurred, according to Watkins, when the AG conducted the abbreviated preliminary investigation, and is explained in the AG's Application to the Court:

> [The Independent Counsel's] ongoing investigation also counsels against the Department of Justice conducting any further preliminary investigation of the allegations contained in the GAO referral on Watkins. Any such investigation could, in my judgment, seriously interfere with the Independent Counsel's ongoing investigation, and could compromise the Independent Counsel's further ability to investigate . . . .

AG Application to the Court, at 3. Watkins claims that as the preliminary investigation here was not of the usual duration, he did not receive its "benefit," in that a "proper preliminary investigation" would have led the DOJ, after reviewing the evidence and reports generated by the various prior investigations, to conclude "that 'reasonable grounds' did not exist and [the DOJ] would have quickly terminated the inquiry into the allegations against [him]." For authority, Watkins cites *In re Donovan*, 877 F.2d 982, 990 (D.C. Cir., Spec. Div., 1989), in which the "but for" requirement was found to be satisfied because a proper Department of Justice investigation would have revealed that there was no credible evidence against the applicant, and *In re Meese*, 907 F.2d 1192, 1197–99 (D.C. Cir., Spec. Div., 1990), in which the "but for" requirement was also found to be satisfied because the OIC investigation began without a proper preliminary investigation by the Attorney General.

Watkins' second circumstance for passing the "but for" test is "if the OIC's investigation substantially duplicates prior investigations." He notes that preceding the IC's investigation various entities, including the Congress, the DOJ, the GAO, and others, had also investigated the matter, and that therefore the IC's investigation "substantially duplicated previous investigations into the Travel Office dismissals." This "massive duplication" satisfies the "but for" test, according to Watkins.

Watkins' final circumstance is when the petitioner is subjected "to a more rigorous application of the criminal law than is applied to other citizens." *In re Donovan*, 877 F.2d at 989–90. He argues that he was investigated, and investigated extensively, "[b]ecause of his senior position in the White House, and his long-standing relationship with the Clintons," and that "an ordinary citizen would never have been subjected to" such an investigation.

In response to these arguments, the IC in her evaluation reiterates what was known of the matter at the time, i.e., that both Watkins and Clinton had testified that Clinton's role in the firings was minimal, but that drafts of a memo had indicated otherwise. In light of this information, the IC contends that "[t]he Attorney General, in the limited investigation permitted her under the statute, could not have concluded that there were no grounds to believe that further investigation was warranted." The IC also contends that the serious allegations present here, involving possible perjury in the grand jury and a failure to produce subpoenaed documents, would have been investigated by a law enforcement agency even in the absence of the Act. The IC further argues that the OIC's investigation was not duplicative of the earlier investigations of the matter because "the Independent Counsel did not investigate the firings, except to the extent necessary to determine whether Watkins or the First Lady had made false statements."

The AG in his evaluation argues that Watkins fits none of the three circumstances he relies on. First, the AG disputes Watkins' claim that a full-length preliminary investigation

would have led to a termination of the inquiry, arguing that "a more extensive preliminary investigation was unnecessary" in light of the allegations being made at the time, i.e., that various statements made by Watkins to federal officials appeared to be less than truthful. The AG further argues that this case is not comparable to *Meese* or *Donovan*, the cases upon which Watkins relies. In *Meese*, the DOJ notes that the investigation by an independent counsel was requested based upon factors other than evidence of a crime, 907 F.2d at 1196–1201; whereas the situation here involved evidence of possible criminal conduct. And in *Donovan*, determining the credibility of witnesses was necessary to determine whether further investigation was warranted, and the Act hampered the DOJ's ability to make such a determination, 877 F.2d at 988–89; whereas the AG states that "the allegation here concerned an inconsistency in Mr. Watkins' own statements," and resolving this inconsistency did not involve the credibility determination required in *Donovan*.

Second, the AG disputes Watkins' argument that the "but for" element is satisfied because the IC's investigation duplicated prior investigations, noting that the Court has made clear that the only prior investigation to which this duplication applies is the DOJ's preliminary investigation. According to the AG, Watkins makes no claim to such a duplication. Third, the AG takes issue with Watkins' "private citizen" argument, asserting that the test is not whether Watkins would have been investigated by a regular prosecutor's office if he had been a private citizen, but "whether the Department of Justice would have looked into the matter if the allegations were made in the context of a senior White House official with frequent contact with the President and First Lady."

Finally, the AG, like the IC, argues that this matter would have been investigated even without the Independent Counsel statute, noting that the allegations of false statements to federal entities, including the Congress and the GAO, "are clearly the sort of matters that would be investigated in the normal course by the Department of Justice."

We agree with the IC and the AG that Watkins fails the "but for" test and is therefore not entitled to fee reimbursement. His argument that he fulfills the "but for" test because the IC's investigation duplicated prior inquiries is not supported by our prior decisions. Although we have in the past awarded fees when the independent counsel's investigation constituted a substantial duplication of the preliminary investigation of the DOJ, s*ee In re Olson* (*Olson Fee Application)*, 884 F.2d 1415, 1420 (D.C. Cir., Spec. Div., 1989) (per curiam) (IC's investigation "necessarily duplicated ground that had been covered by the preliminary investigation of the Department of Justice"); *In re Olson (Perry Fee Application)*, 892 F.2d 1073, 1074 (D.C. Cir., Spec. Div., 1990) (fee applicant "was being subjected to expenses for a duplicative investigation that he would not have been subjected to in the absence of the Ethics in Government Act"), we have specifically held that it is only duplication of the preliminary investigation by the DOJ that merits fee reimbursement, and duplication by the IC of other investigations is not sufficient. *In re Pierce (Sanders Fee Application)*, 198 F.3d 899, 904 (D.C. Cir., Spec. Div., 1999) (per curiam); *In re Pierce (Seligman Fee Application)*, 201 F.3d 473, 476 (D.C. Cir., Spec. Div., 2000) (per curiam). As the DOJ points out, Watkins makes no claim to any such duplication.

Watkins' further argument that he passes the "but for" test because an ordinary citizen would never have been subjected to an investigation such as he was is also without merit. In *In re Madison Guaranty Savings & Loan (Clinton Fee Application)*, 334 F.3d 1119, 1126 (D.C. Cir., Spec. Div., 2003) (per curiam), we rejected a similar argument, noting that the test is not what would have happened if the fee petitioners "were private citizens, but rather what would have happened if there had been no independent counsel statute." And as both the IC and the DOJ point out, the allegations here of false statements to federal entities and the failure to produce subpoenaed documents would have been investigated with or without the Independent Counsel statute.

Watkins' final, and strongest, argument for satisfying the "but for" test is the AG's decision to cut short the preliminary

investigation. We have recently had occasion to consider a similar argument involving a similar situation. In *In re Madison Guaranty Savings & Loan (Marceca Fee Application)*, 366 F.3d 922 (D.C. Cir., Spec. Div., 2004), the AG conducted a preliminary investigation of only two days duration before requesting that the Court refer the matter to the IC. The fee applicant argued that a full preliminary investigation would not have led to any further investigation of him by the independent counsel. We agreed, noting that a preliminary investigation of the usual length would in all probability have exonerated the fee applicant. *Id.* at 927. In the case before us, however, the AG curtailed the preliminary investigation after a month so as not to interfere with the IC's ongoing investigation. It is doubtful, given the nature and seriousness of the allegations involved, that a full term preliminary investigation would have led to any less of an investigation than was ultimately conducted.

Watkins therefore has not passed the "but for" test and is not eligible for reimbursement of fees incurred during the IC's investigation. He is eligible, however, for reimbursement of fees incurred for reviewing and replying to the IC's Final Report. Section 594 of the Act imposes the requirement that the IC "file a final report with the division of the court, setting forth fully and completely the description of the work of the Independent Counsel . . . ." 28 U.S.C. § 594(h)(1)(B). Outside the requirements of the Act, federal "prosecutors do not issue reports." *In re North*, 16 F.3d 1234, 1238 (D.C. Cir., Spec. Div., 1994). "Indeed . . . the filing of reports by Independent Counsels is a complete departure from the authority of a United States Attorney and is contrary to the practice in federal Grand Jury investigations." *In re Madison Guaranty Savings & Loan (Clinton Fee Application)*, 334 F.3d at 1127 (internal quotation marks and citations omitted). Therefore, we do hold that this is a fee which would not have been incurred but for the requirements of the Act. Watkins incurred these fees in the amount of $7,517.75. These fees are reasonable and therefore will be reimbursed.

## Conclusion

For the reasons set forth above, we allow the petition for fees of William David Watkins only to the extent of $7,517.75. Except as herein specifically allowed, the petition is denied.