# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed February 21, 2006

Division No. 94-1

IN RE: MADISON GUARANTY SAVINGS & LOAN
(STONNINGTON FEE APPLICATION)

———

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

———

Before: SENTELLE, *Presiding*, FAY and REAVLEY, *Senior Circuit Judges*.

**O R D E R**

This matter coming to be heard and being heard before the Special Division of the Court upon the petition of Nicholas Stonnington for reimbursement of attorneys' fees and costs pursuant to section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq*. (2000), and it appearing to the court for the reasons set forth more fully in the opinion filed contemporaneously herewith, that the petition is not well taken, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the petition of Nicholas Stonnington for attorneys' fees that he incurred during the Independent Counsel's investigation be denied.

*PER CURIAM*
For the Court:
Mark J. Langer, Clerk

By:

Marilyn R. Sargent
Chief Deputy Clerk

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed February 21, 2006

Division No. 94-1

IN RE: MADISON GUARANTY SAVINGS & LOAN
(STONNINGTON FEE APPLICATION)

———

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

———

Before: SENTELLE, *Presiding*, FAY and REAVLEY, *Senior Circuit Judges*.

## ON APPLICATION FOR ATTORNEYS' FEES

Opinion for the Special Court filed PER CURIAM.

PER CURIAM: Nicholas Stonnington petitions this Court under the Ethics in Government Act of 1978, as amended, 28 U.S.C. §§ 591-599 (2000) ("the Act"), for reimbursement of attorneys' fees in the amount of $47,419.09 that he claims were incurred during and as a result of the investigation conducted by independent counsel. Because we conclude that Stonnington has not carried his burden of showing that he was a "subject" of the independent counsel's investigation or that the fees would not have been incurred "but for" the requirements of the Act, we deny the petition in its entirety.

## Background

In the early 1990's, regulatory special counsel Robert Fiske was investigating possible criminal wrongdoing concerning the demise of the Madison Guaranty Savings & Loan Association in Arkansas. As part of his investigation Fiske looked into the activities of the Rose Law Firm, which had represented Madison Guaranty. This investigation uncovered evidence that then-Associate Attorney General Webster L. Hubbell had been involved in billing fraud while he was a partner at the Rose Law Firm. After reports of these fraud allegations became public, Hubbell resigned from his Department of Justice position.

In August 1994, Fiske's investigation was handed over to statutory independent counsel Kenneth W. Starr (hereinafter "IC" or "OIC"). In December, Hubbell pled guilty to two felony counts and agreed to cooperate with the IC's investigation. Thereafter, in order to support himself, Hubbell apparently was hired as a consultant by numerous individuals who paid fees to him totaling around $450,000. One of these individuals was Nicholas Stonnington, the fee petitioner here. Stonnington was a financial consultant at Merrill Lynch in Los Angeles who retained Hubbell in efforts to obtain an appointment to a public services board or commission at the federal level, paying Hubbell $18,000.

Subsequently, government prosecutors determined that Hubbell's cooperation had not substantially assisted their investigation, and they began looking into whether his consulting fees were in fact paid to him to influence his cooperation. The OIC ultimately concluded that the evidence was insufficient to prove beyond a reasonable doubt that anyone had paid Hubbell in an effort to influence his cooperation with the government. Pursuant to § 593(f)(1) of the Act, Stonnington now petitions the court for reimbursement of attorneys' fees in

the amount of $47,419.09 that he claims were incurred during and as a result of the IC's investigation. As directed by section 593(f)(2) of the Act, we forwarded copies of Stonnington's fee petition to the AG and the IC for their written evaluations of the petition. The court expresses its appreciation to the IC and the AG for submitting these evaluations, which we have given due consideration in arriving at the decision announced herein.

**Discussion**

The independent counsel statute provides:

> Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter.

28 U.S.C. § 593(f)(1). Accordingly, in order to obtain an attorneys' fees award under the statute, a petitioner must show that all of the following requirements are met: 1) the petitioner is a "subject" of the investigation; 2) the fees were incurred "during" the investigation; 3) the fees would not have been incurred "but for" the requirements of the Act; and 4) the fees are "reasonable." *See In re North (Dutton Fee Application)*, 11 F.3d 1075, 1077-81 (D.C. Cir., Spec. Div., 1993) (per curiam). The petitioner "bears the burden of establishing all elements of his entitlement." *In re North (Reagan Fee Application)*, 94 F.3d 685, 690 (D.C. Cir., Spec. Div., 1996) (per curiam). The issues in dispute are whether Stonnington has established that he was a "subject" of the investigation and that his fees would not have

been incurred "but for" the requirements of the Act.

"Subject" status. Stonnington argues that his subject status began when he received notice from the OIC in January 1997 that he would be interviewed concerning his relationship with Webster Hubbell. According to Stonnington, at that point it was, as in *In re Pierce (Abrams Fee Application)*, 190 F.3d 586, 590-91 (D.C. Cir., Spec. Div., 1999), "reasonable for [him] to conclude . . . . that there was a 'realistic possibility he would require a legal defense.'"

Stonnington claims that although he received a letter in January 1997 informing him that he was not a subject of the IC's investigation, he nevertheless believed that there was a realistic possibility that he would become a defendant and that, pursuant to that belief, he qualifies as a subject under the Act. For authority, Stonnington cites *In re North (Shultz Fee Application)*, 8 F.3d 847, 850 (D.C. Cir., Spec. Div., 1993) (per curiam), in which the fee petitioner was able to claim subject status even though the Independent Counsel had stated that he would seek no further indictments. According to Stonnington, this claim was successful because, *inter alia*, the Independent Counsel's "no further indictments" statement was qualified by an "absence of new developments" provision, and because the Independent Counsel did in fact attain more indictments.

Analogizing his own situation to that in *Shultz*, Stonnington argues that the January 1997 IC letter sent to him was also qualified in that it stated he was not "at present" a subject. He further argues that the manner in which he was subsequently investigated "demonstrates that there remained a realistic possibility that new developments in the investigation could have rendered him a potential defendant." This subsequent investigation included grand jury subpoenas, OIC and FBI interviews, and an FBI polygraph exam. According to

Stonnington, one of the interviews became contentious, resulting in the IC's withdrawal of the subpoena, and "[s]uch activity is inconsistent with how 'witnesses' are treated, and entirely consistent with how 'subjects' are treated." He further claims that despite repeated requests, he was unable to obtain an immunity agreement "which is typically granted to witnesses but not subjects or targets of an investigation."

The OIC in its evaluation of Stonnington's fee application vigorously disputes Stonnington's contention that he had attained subject status at any point during the investigation. Initially, the OIC notes that the January 1997 letter sent to Stonnington expressly advised him that he was not a subject, and that on other occasions Stonnington's counsel was orally advised of his status again as merely a witness.

The OIC then goes on to distinguish Stonnington's case from *Shultz*. First, the OIC argues that in *Shultz* the fee applicant had been told in the beginning that he *was* a subject, and that such an individual has a greater fear of indictment than someone like Stonnington, who was never given subject status. Second, citing *In re Mullins (Berry Fee Application)*, 84 F.3d 459, 464 (D.C. Cir., Spec. Div., 1996) (per curiam), the OIC notes that that case interpreted *Shultz* as requiring two other factors, in addition to a qualified provision, needed to give rise to a fear of subsequent indictment: indictment of other individuals investigated for the same subject matter; and the Independent Counsel's refusal to relate non-subject status. Here, the OIC argues that grand jury subpoenas and FBI interviews do not "establish[] any facts that lead a reasonably counseled person to believe an indictment might be forthcoming," and in fact no indictments concerning the matter were returned. Additionally, the OIC argues that the refusal to grant Stonnington immunity "is a far cry from a refusal to affirm an individual's status as a subject," and that "[i]t would be

impossible to infer from a refusal to grant immunity that one is a subject of the investigation--most witnesses are never granted immunity."

In its evaluation, the Department of Justice also takes issue with Stonnington's claim to "subject" status. The DOJ asserts that the cases relied upon by Stonnington, *Shultz* and *Reagan*, involved the question of whether a fee applicant who qualified as a subject continued in that status after he was notified by the Independent Counsel that he was no longer a subject. *Shultz*, 8 F.3d at 850; *Reagan*, 94 F.3d at 688. But here, argues the DOJ, Stonnington "has offered no convincing explanation that he ever became a subject," and "the fact that he was called to testify before the grand jury and not granted immunity is consistent with witness status."

"But for" requirement. Stonnington claims that he has satisfied the "but for" requirement because the IC investigated him for activities involving "[t]he hiring of a paid consultant to obtain appointment to a federal board or commission;" that such "activities would not have attracted the attention of executive authorities had the Independent Counsel not been appointed to conduct his investigation;" and that he was therefore subjected to a more rigorous application of the criminal law than would have been applied to ordinary citizens as delineated in *In re Nofziger*, 925 F.2d 428, 442 (D.C. Cir., Spec. Div., 1991) (per curiam).

In its evaluation the OIC disputes Stonnington's "but for" argument. To begin, the OIC asserts that Stonnington offers no proof that a more rigorous application of the criminal law occurred. Instead, Stonnington "has limited his argument to the conclusory assertion that the subject matter of the investigation, by itself, demonstrates its unreasonableness." This assertion is nothing more than Stonnington's opinion, argues the OIC, and

is an inadequate basis upon which to ground a fee application.

The OIC notes that in any event, if the Department of Justice would have investigated the matter in the absence of the Act, then Stonnington must necessarily fail the "but for" test. Here, the matter involved obstruction of justice, including witness tampering, which the OIC asserts is routinely investigated by the DOJ. But more important, states the OIC, is the fact that the DOJ initially investigated the Hubbell matter through Independent Counsel Fiske, and it is not reasonable to posit that Fiske, if he had continued his investigation, would have ignored "the question of whether anyone had obstructed justice by attempting to influence the cooperation of the former Associate Attorney General in an ongoing federal criminal investigation." As such, the OIC argues that Stonnington has not passed the "but for" test.

For similar reasons, the DOJ in its evaluation also argues that Stonnington has not put forth valid reasons why he has satisfied the "but for" requirement. First, the DOJ asserts that without question it would have investigated the matter in the absence of the Act, noting that *it* began the investigation of the underlying Whitewater matter through regulatory special counsel Fiske, that on transfer of the matter to statutory independent counsel Starr the Attorney General stated that there were reasonable grounds to believe that further investigation was warranted, and that "ultimately [it was] proved that numerous individuals--including Webster Hubbell--engaged in criminal conduct." Second, the DOJ argues that Stonnington's claim that an ordinary prosecutor would not have investigated the hiring of a paid consultant to obtain appointment to a federal board "does not address the particular context of this investigation; . . . that he and others made substantial payments to Webster Hubbell, a Department of Justice official who had recently resigned in connection with allegations, eventually

found to be true, of involvement in criminal activity."

**Analysis**

The statute by its terms provides reimbursement of fees only to "an individual who is the *subject* of an investigation conducted by an independent counsel." 28 U.S.C. § 593(f)(1) (emphasis added). A fee applicant must establish that he is a person whose conduct was within the scope of the independent counsel's investigation in the sense that "the Independent Counsel might reasonably be expected to point the finger of accusation" at him. *Dutton*, 11 F.3d at 1078. We agree with the IC and the DOJ that Stonnington has not established status as a subject of the IC's investigation. Without more, his connection to the Hubbell consulting matter arguably may have been enough for him to reasonably believe that the IC would "point the finger of accusation at him." *See, e.g., In re Madison Guaranty Sav. & Loan Assoc. (Livingstone Fee Application)*, 373 F.3d 1373, 1380 (D.C. Cir., Spec. Div., 2004) (per curiam). The OIC, however, informed Stonnington initially by letter and more than once thereafter orally that he was in fact not a subject. And Stonnington has not established that any action taken by the OIC during the investigation was so contrary to the OIC's "not a subject" declarations that it would reasonably lead Stonnington into believing that he was a subject in fact.

We further agree with the OIC and the DOJ that Stonnington has not fulfilled the "but for" requirement of the Act. The purpose of this requirement is to ensure that "officials who are investigated by independent counsels will be subject only to paying those attorneys' fees that would normally be paid by private citizens being investigated for the same offense by" federal executive officials such as the United States Attorney. Stonnington's argument in this regard is apparently that only the appointment of the IC led to the investigation of him. As we

have repeatedly held, however, *see, e.g., In re Pierce (Kisner Fee Application)*, 178 F.3d 1356, 1360 (D.C. Cir., Spec. Div., 1999) (per curiam), "subjects of an independent counsel investigation do not automatically meet the 'but for' test simply because the investigation was conducted by an independent counsel under the Act." Furthermore, as the evaluations point out, this matter was initially investigated by regulatory counsel Fiske and it is not reasonable to assume that had he continued with the investigation he would not have looked into the Hubbell-Stonnington connection in a similar fashion. Finally, the allegations here of obstruction of justice, including witness tampering, would surely have been investigated with or without the Independent Counsel statute. *See, e.g., In re Madison Guaranty Sav. & Loan (Watkins Fee Application)*, 375 F.3d 1211, 1216 (D.C. Cir., Spec. Div., 2004) (per curiam).

## Conclusion

The petition of Nicholas Stonnington for reimbursement of attorneys' fees is denied for failure to satisfy the "subject" and "but for" requirements of the Act.