# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed March 3, 2006

Division No. 94-1

IN RE: MADISON GUARANTY SAVINGS & LOAN
(THOMASSON FEE APPLICATION)

———

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended


Before: SENTELLE, *Presiding*, FAY and REAVLEY, *Senior Circuit Judges*.

## O R D E R

This matter coming to be heard and being heard before the Special Division of the Court upon the petition of Patsy Thomasson for reimbursement of attorneys' fees and costs pursuant to section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq*. (2000), and it appearing to the court for the reasons set forth more fully in the opinion filed contemporaneously herewith, that the petition is not well taken, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the petition of Patsy Thomasson for attorneys' fees that she incurred during the Independent Counsel's investigation be denied.

*PER CURIAM*
For the Court:
Mark J. Langer, Clerk

By:

Marilyn R. Sargent
Chief Deputy Clerk

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

Filed March 3, 2006

Division No. 94-1

IN RE: MADISON GUARANTY SAVINGS & LOAN
(THOMASSON FEE APPLICATION)

---

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

Before:   SENTELLE, *Presiding*, FAY and REAVLEY, *Senior Circuit Judges*.

### ON APPLICATION FOR ATTORNEYS' FEES

Opinion for the Special Court filed PER CURIAM.

PER CURIAM: Patsy Thomasson petitions this Court under the Ethics in Government Act of 1978, as amended, 28 U.S.C. §§ 591-599 (2000) ("the Act"), for reimbursement of attorneys' fees in the amount of $31,273.51 that she claims were incurred during and as a result of the investigation conducted by independent counsel. Because we conclude that Thomasson has not carried her burden of showing that her fees would not have been incurred "but for" the requirements of the Act, we deny the petition in its entirety.

**Background**[1]

In May of 1993, William David Watkins ("Watkins"), who was Assistant to the President for Management and Administration, fired seven employees of the White House Travel Office. Because of allegations of wrongdoing surrounding the firings, various entities, including the Congress and the General Accounting Office ("GAO"), undertook investigations of the matter. Then-First Lady Hillary Rodham Clinton ("Clinton") was reportedly questioned during these investigations concerning her role in the firings. She asserted that she had little if any involvement. When questioned by the GAO, Watkins also stated that Clinton was minimally involved. These statements were put into doubt when drafts of a 1993 memo, written by Watkins and arguably contradicting his and Clinton's testimony, were produced by the White House. Patsy Thomasson, Watkins' deputy and the fee petitioner here, apparently had some involvement in the preparation of the memo. The GAO subsequently filed a criminal referral with the Department of Justice ("DOJ"), suggesting that Watkins may have made false statements when interviewed by the GAO. Because Watkins was a covered person under the Independent Counsel Act, *see* 28 U.S.C. § 591(b), the Attorney General ("AG") initiated a preliminary investigation pursuant to 28 U.S.C. § 592, in order to determine whether further investigation was warranted. After making this determination, the AG requested that this Court expand the Independent Counsel's ("IC" or "OIC") jurisdiction to investigate, among other things, whether Watkins or Clinton had made false statements to the GAO regarding the Travel Office firings. As necessary to

---

[1]Substantial portions of the Background and Analysis sections have been adopted verbatim from *In re Madison Guaranty Savings & Loan (Watkins Fee Application)*, 375 F.3d 1211, 1212-13 (D.C. Cir., Spec. Div., 2004) (per curiam).

resolve these matters, the IC also received jurisdiction to investigate related felony allegations on the part of any other person.

The IC then conducted an extensive investigation of the matter. During this investigation, Thomasson was called initially as a witness to testify before the grand jury, but during her testimony was informed that her status had changed to that of subject. Soon thereafter a warrant was executed to search her apartment for relevant documents. Ultimately, however, the OIC determined that no charges would be brought concerning the matter. Pursuant to § 593(f)(1) of the Act, Thomasson now petitions the court for reimbursement of attorneys' fees in the amount of $31,273.51 that she claims were incurred in defense of the IC's investigation. As directed by section 593(f)(2) of the Act, we forwarded copies of Thomasson's fee petition to the AG and the IC and requested written evaluations of the petition. The court expresses its appreciation to the IC and the AG for submitting these evaluations, which we have given due consideration in arriving at the decision announced herein.

## Arguments

The Independent Counsel statute provides:

> Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter.

28 U.S.C. § 593(f)(1). Accordingly, in order to obtain an attorneys' fees award under the statute, a petitioner must show that all of the following requirements are met: 1) the petitioner is a "subject" of the investigation; 2) the fees were incurred "during" the investigation; 3) the fees would not have been incurred "but for" the requirements of the Act; and, 4) the fees are "reasonable." *See In re North (Dutton Fee Application)*, 11 F.3d 1075, 1077-82 (D.C. Cir., Spec. Div., 1993) (per curiam). The petitioner "bears the burden of establishing all elements of [her] entitlement." *In re North (Reagan Fee Application)*, 94 F.3d 685, 690 (D.C. Cir., Spec. Div., 1996) (per curiam). There appears to be little dispute that Thomasson was a "subject" and that her fees were incurred during the IC's investigation. And although the parties are in contention as to whether the attorneys' fees for which Thomasson seeks reimbursement are adequately documented, we need not reach that issue as Thomasson has not satisfied the "but for" requirement.

\* \* \* \* \* \* \* \* \*

Thomasson argues that of the four circumstances under which this court has previously found the "but for" requirement to be satisfied, *see, e.g., In re Pierce (Olivas Fee Application)*, 178 F.3d 1350 (D.C. Cir., Spec. Div., 1999) (per curiam), two are present in her case. First, she claims that the IC's investigation duplicated that of prior investigations, in particular those of the House of Representatives, the GAO, special counsel Fiske, and the DOJ, in that her testimony before the "grand jury was similar, in nature, to prior testimony that [she] gave before various committees, etc." Second, she claims that the firing of the travel office employees was an employment decision and that it is quite rare for an employment decision to be the subject of a criminal investigation. It was only investigated, according to Thomasson, because of the involvement of "two high ranking officials," Watkins and Clinton. Citing *In re Nofziger*, 925 F.2d

428 (D.C. Cir., Spec. Div., 1991), she argues that she therefore qualifies under the "but for" requirement because "as a high public official, [she] was investigated in a circumstance where a private citizen would not have been."

In disputing Thomasson's claim to "but for" status, the OIC in its evaluation of her fee petition initially notes that as this matter concerned allegations of obstruction of justice and perjury, "given the facts disclosed in January 1996, [an investigation] would have been conducted even in the absence of the Act by the Department of Justice, or some other agency." The OIC then addresses Thomasson's duplication-of-investigations claim, noting that in fact the OIC never investigated the Travel Office firings but rather investigated possible false statements made by Watkins and Clinton during the previous investigations. As such, asserts the OIC, the IC's investigation was not duplicative of the others. As for Thomasson's argument that she was investigated in a manner in which a private citizen would not have been, the OIC notes that she was deemed a subject of the investigation because she provided inconsistent and doubtful testimony, and "[i]nconsistent testimony under oath will attract the attention of a prosecutor whether the source of the testimony is a high public official or private citizen."

As did the OIC, the DOJ in its evaluation begins by stating that "the record indicates that the allegations here--concerning alleged lies to Congress, the GAO, and other investigative bodies--are clearly the sort of matters that would be investigated in the normal course by the Department of Justice." Turning to Thomasson's claim that she satisfies the "but for" requirement because the OIC's investigation was a duplication of those of other federal agencies, the DOJ notes that under this court's prior decisions, the "but for" test is not met when an investigation is duplicative of other federal criminal

investigations but only when it duplicates that of the preliminary investigation required by the Act. Thomasson has therefore failed the test, asserts the DOJ, because she "does not claim that the investigation as it pertained to her was duplicative of a preliminary investigation required by the Independent Counsel Act."

As for Thomasson's claim that she was investigated in a manner in which a private citizen would not have been, the DOJ cites this court's decision in *In re Babbitt (Babbitt Fee Application)*, 290 F.3d 386, 391 (D.C. Cir., Spec. Div., 2002), where it was noted that if the high profile identity of those involved would have resulted in a similar investigation by the DOJ, then the "but for" test is not met. The DOJ asserts that Thomasson's fee application makes only the general claim that an employment decision would not normally be the subject of a criminal investigation and "does not attempt to show that a regular prosecutor, faced with these kinds of allegations in similar circumstances, would not have looked into this matter."

**Analysis**

Thomasson's fee application does not pass the "but for" test. In his fee application Watkins made claims very similar to Thomasson's in his bid to show that he fulfilled the "but for" requirements. *See Watkins*, 375 F.3d at 1214. In rejecting his claims, this court reasoned in similar fashion to that stated below. *Id*. at 1215-16.

Thomasson's argument that she fulfills the "but for" test because the IC's investigation duplicated prior inquiries is not supported by this court's prior decisions. Although in the past we have awarded fees when the independent counsel's investigation constituted a substantial duplication of the preliminary investigation of the DOJ, *see In re Olson* (*Olson*

*Fee Application)*, 884 F.2d 1415, 1420 (D.C. Cir., Spec. Div., 1989) (per curiam) (IC's investigation "necessarily duplicated ground that had been covered by the preliminary investigation of the Department of Justice" (emphasis omitted)); *In re Olson (Perry Fee Application)*, 892 F.2d 1073, 1074 (D.C. Cir., Spec. Div., 1990) (per curiam) (fee applicant "was being subjected to expenses for a duplicative investigation that he would not have been subjected to in the absence of the Ethics in Government Act"), we have specifically held that it is only duplication of the preliminary investigation by the DOJ that merits fee reimbursement, and duplication by the IC of other investigations is not sufficient. *In re Pierce (Sanders Fee Application)*, 198 F.3d 899, 904 (D.C. Cir., Spec. Div., 1999) (per curiam); *In re Pierce (Seligman Fee Application)*, 201 F.3d 473, 476 (D.C. Cir., Spec. Div., 2000) (per curiam). As the DOJ points out, Thomasson makes no claim to any such duplication.

Thomasson's further argument that she passes the "but for" test because an ordinary citizen would never have been subjected to an investigation such as she was is also without merit. In *In re Madison Guaranty Savings & Loan (Clinton Fee Application)*, 334 F.3d 1119, 1126 (D.C. Cir., Spec. Div., 2003) (per curiam), we rejected a similar argument, noting that the test is not what would have happened if the fee petitioners "were private citizens, but rather what would have happened if there had been no independent counsel statute." As both the IC and the DOJ argue, the allegations here of obstruction of justice and perjury would have been investigated with or without the Independent Counsel statute.

**Conclusion**

The petition of Patsy Thomasson for reimbursement of attorneys' fees is denied for failure to satisfy the "but for" requirement of the Act.